IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ESCO ELECTRIC COMPANY,** an Iowa corporation,<br><br>        Plaintiff,<br><br>       v.<br><br>**VIEWPOINT, INC.,** a Delaware corporation,<br><br>        Defendant. | Case No. 3:21-cv-00743-AR<br><br>**OPINION AND ORDER ADOPTING F&R IN PART** |

Christopher Kai Loftus, Abram V. Carls, Drew A. Powell, Simmons Perrine Moyer Bergman PLC, 115 Third Street SE, Suite 1200, Cedar Rapids, IA 52401. Patricia A. Walsh, Farleigh Wada Witt, 121 SW Morrison Street, Suite 600, Portland, OR 97204. Attorneys for Plaintiff.

William Michal Reasoner, Theodore William Craig, Dickinson Mackaman Tyler & Hagen PC, 699 Walnut Street, Suite 1600, Des Moines, IA 50309. Elliot J. Williams, Stoel Rives LLP, 760 SW Ninth Avenue, Suite 300, Portland, OR 97205.

**IMMERGUT, District Judge.**

      On July 28, 2022, Magistrate Judge Jeffrey Armistead issued his Findings and Recommendation ("F&R"), ECF 61, recommending Plaintiff ESCO Electric Company ("ESCO")'s Motion to Amend, ECF 40, be granted in part and denied in part, and that Defendant Viewpoint Inc.'s ("Viewpoint") Motion to Dismiss the Amended Complaint, ECF 37, be granted

in part and denied in part. Defendant timely filed objections, ECF 63, to which Plaintiff timely filed a response, ECF 64. This Court has reviewed de novo the portion of the F&R to which Defendant objected. For the following reasons, the Court ADOPTS Judge Armistead's F&R in part, as specified in this Opinion and Order.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

The present case arises out of an agreement for the purchase of software. ECF 61 at 1. Plaintiff alleges that Defendant misrepresented the ways in which the software worked during presale discussions, a fact that Plaintiff states they discovered only after they purchased the software from Defendant. *Id.* Plaintiff brought an action alleging fraudulent and negligent misrepresentation, breach of contract, and unjust enrichment. *Id.* at 1–2. Defendant moved to dismiss Plaintiff's first amended complaint, ECF 37, and Plaintiff moved for leave to file a second amended complaint, ECF 40. ECF 61 at 2.

In his F&R, Judge Armistead recommended that this Court deny Defendant's Motion to Dismiss Plaintiff's fraud claims, dismiss with leave to amend Plaintiff's breach of contract claim, and dismiss with prejudice Plaintiff's implied warranty of merchantability and unjust enrichment claims. ECF 61 at 18–19, 25–27, 29. The F&R further recommended that this Court grant Plaintiff's leave to amend its breach of contract claim and add a claim for breach of the duty of good faith and fair dealing, and recommended that this Court deny leave to amend to add claims for innocent misrepresentation and mutual mistake. *Id.* at 26, 31–33.

Defendant objects to Judge Armistead's recommendation that this Court deny Defendant's Motion to Dismiss Plaintiff's fraud claims. ECF 63 at 2. Defendant makes four arguments as to why Plaintiff's fraud claims should be dismissed. First, Defendant argues that Plaintiff disclaimed any pre-contractual representations and assumed any risks as to the suitability of the software. *Id.* at 4. Defendant next argues that Plaintiff has not—and cannot—adequately plead fraud. *Id.* at 5. Defendant additionally argues that the F&R erred in concluding that Plaintiff's fraud counts are adequately pled. *Id.* at 7. Defendant finally argues that the F&R declined to address Defendant's arguments on recission related to Plaintiff's second fraud claim, despite those arguments being presented in briefing to the court. *Id.* at 11.

Defendant additionally objects to the F&R's recommendation that this Court dismiss Plaintiff's breach of contract claim with leave to amend. *Id.* at 12. Defendant asserts that such amendment would be "futile" as "Plaintiff has not identified any term of the contract that has been breached." *Id.* The Court considers the issues raised by Defendant in turn.

**A. The Parol Evidence Rule and Master Software License Agreement Do Not Defeat Plaintiff's Fraud Claims**

Defendant first argues that Plaintiff's fraud claims fail because Plaintiff signed an Agreement which incorporated a Master Software License Agreement ("MSLA"), which in turn

PAGE 3 – OPINION AND ORDER ADOPTING F&R IN PART

included a provision disclaiming all representation by Defendant except those included in the Agreement. ECF 63 at 4.[1] Defendant argues that the parol evidence rule bars prior communications—even prior agreements—from altering the terms of an integrated writing. *E.g., Abercrombie v. Hayden Corp.*, 310 Or. 279, 288 (1994) ("A completely integrated writing may not be contradicted or supplemented by prior terms."). Defendant's arguments are unavailing.

As the F&R correctly held, fraud claims fail for lack of reliance "where an alleged misrepresentation is clearly contradicted by a provision of a subsequent written contract between the parties . . . ." ECF 61 at 14 (citation omitted). In *Hoff v. Peninsula Drainage Dist.*, the Oregon Supreme Court announced the general rule that a plaintiff cannot show misrepresentation by relying on "contemporaneous or prior parol stipulations inconsistent with the terms therein contained . . . ." 172 Or. 630, 638 (1943). Where the written agreement does not directly contradict the alleged misrepresentation, however, prior communications are admissible to show fraud. *See Heise v. Pilot Rock Lumber Co.*, 222 Or. 78, 88 (1960) ("[T]he existence of a written contract or deed which does not by its very terms negate the alleged fraud is no defense in actions for damages for fraud for the reason that fraud is an exception to the parol evidence rule.").

---

[1] The relevant language contained in the Master Software License Agreement reads: "9.4 Disclaimer. The express warranties in Section 9 are the exclusive warranties and representations offered by Viewpoint, and all other representations and warranties, including, without limitation, those of fitness for a particular purpose, non-infringement, accuracy, quiet enjoyment, title, merchantability, and those that arise from any course of dealing or course of performance are hereby disclaimed. Viewpoint does not warrant that the software or services will meet customer's requirements or that customer's use of software will be uninterrupted or error-free, or that errors wil be corrected. Customer is solely responsible for confirming the suitability of the software to meet customer's compliance obligations and other requirements." ECF 10-2 at 7 (emphasis omitted).

The F&R found that the terms of the MSLA did not "directly" contradict the representations made prior to the signing of the Agreement, and therefore the Agreement itself did not defeat Plaintiff's fraud claims. This Court agrees that the general disclaimer contained in the MSLA does not directly contradict the statements made by Defendant prior to the signing, which Plaintiff notes in its response to Defendant's objections occurred through "multiple meetings, phone calls, and product demonstrations with [Defendant] in which it communicated its software needs and asked [Defendant's] representative in-depth questions about the capabilities of [Defendant's] software." ECF 64 at 3.

This Court also finds that the F&R correctly held that Oregon law does not bar extrinsic "evidence of the circumstance under which the agreement was made . . . to establish illegality or fraud." ORS § 41.740. This Court therefore rejects Defendant's argument that the parol evidence rule and the MLSA bar Plaintiff's fraud claims.

**B. Plaintiff Has Failed to Plead Facts Sufficient to Show an Intent to Defraud**

Defendant next argues that Plaintiff has not adequately pled fraud and that the F&R erred in holding otherwise. ECF 63 at 7. To state a claim for fraud under Oregon law, a plaintiff must allege facts to plausibly show that: (1) the defendant made a material misrepresentation that was false; (2) the defendant did so knowing that the representation was false; (3) the defendant intended the plaintiff to rely on the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation; and (5) the plaintiff was damaged as a result of that reliance. *Strawn v. Farmers Ins. Co. of Oregon*, 350 Or. 336, 351 (2011). Federal Rule of Civil Procedure 9(b) further states that a plaintiff alleging fraud must state "with particularity the circumstances constituting the fraud or mistake," Fed. R. Civ. Pro. 9(b), which the Ninth Circuit has interpreted to require pleading the "who, what, when, where, and how of the misconduct charged" with

PAGE 5 – OPINION AND ORDER ADOPTING F&R IN PART

sufficient detail to give the defendant notice and opportunity to defend itself. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (citation omitted)

Plaintiff alleged five representations concerning the software's capability to: (1) "[b]ill multiple [Purchase Orders] on a single job and bill from multiple jobs to a single [Purchase Order]" ("First Representation"); (2) "[i]mport billing rates from Excel for standard rates with effective dates" ("Second Representation"); (3) "[a]utomatically apply billing rates by Labor Class, overtime, double time, Union, or Task" ("Third Representation"); (4) "[a]llow hierarchy for billing rates as to job union, customer, and employee" ("Fourth Representation"); and (5) "[c]ustomize built-in reports, user-definable reports, and data viewable from 3rd party reporting engines" ("Fifth Representation"). ECF 13 ¶¶ 25, 42; ECF 61 at 20–21. As the F&R notes, Plaintiff's allegations are sufficiently particular as to the "who, what, when, where, and how of the misconduct charged." *United Healthcare Ins. Co.*, 848 F.3d at 1180.

Defendant nonetheless argues that dismissal is warranted because the allegations fail to show that these statements "were known or intended to mislead" Plaintiffs. ECF 63 at 6. This Court agrees. To sustain a claim for fraud, a plaintiff must allege facts showing that a defendant knew its representations were false and either intended those false representations to mislead the plaintiff or demonstrated reckless disregard for the truth. *See e.g.*, *Claus v. Columbia State Bank*, No. 3:16-cv-1509-AC, 2019 WL 5624754, *8–9 (D. Or. Oct. 30, 2019) (dismissing fraud claims for failure to plead intent); *Metropolis Holdings, LLC v. SP Pluss Corp.*, No. 3:20-cv-00612-SB, 2020 WL 4506778, *3 (D. Or. Aug. 5, 2020) (same); *Webster v. Brookdale Senior Living Cmtys, Inc.*, No. 3:16-cv-01060-AA, 2018 WL 1508871, *4 (D. Or. Mar. 27, 2018) (same). Defendant is correct that Oregon courts require a showing of fraudulent intent, which "consists of a defendant misrepresenting a material fact for the purpose of misleading the other party or with the

knowledge he is misleading the other party or in reckless disregard of the fact he is misleading the other party." *U.S. Nat. Bank of Oregon v. Fought*, 291 Or. 201, 225 (1981) (citation omitted).

In reviewing Plaintiff's First Amended Complaint, this Court finds that Plaintiff has failed to sufficiently alleged facts to support the inference that Defendant either intended to defraud Plaintiff or engaged in "conduct committed in reckless disregard of misleading a party." *Claus*, 2019 WL 5624754 at *9. Plaintiff alleges that Defendant knew that it was important to Plaintiff that the software include several specified features and that the software did not ultimately perform those features. ECF 13 at ¶¶ 13, 15, 34, 38. Plaintiff's argument appears to be that because Defendant's software did not ultimately perform as Defendant initially stated, Defendant intended to misrepresent the software; but the ultimate failure of the software to conform to Defendant's representations does not mean those representations were necessarily known or intended to mislead Plaintiff at the time those representations were made. *Sizer v. New England Life Ins. Co.*, 871 F. Supp. 2d 1071, 1079 (D. Or. 2012) ("To establish a defendant's fraudulent intent regarding a promise to act in the future, a plaintiff must do more than show the eventual breach of that promise.").

Plaintiff does not allege facts sufficient to show that Defendant knew that the software could not perform those features, as would be required to show that Defendant either intentionally mislead or acted in reckless disregard of misleading Plaintiff. Instead, Plaintiff alleges, in conclusory fashion, that "[Defendant] knew at all times and never intended to perform in accordance with its representations" to Plaintiff. ECF 13 at ¶ 64; *see also id.* at ¶¶ 66, 73. While it is true that under Federal Rule of Civil Procedure 9(b), "intent . . . may be alleged generally," under the general pleading standards for all civil actions, a conclusory recitation of the legal elements of a claim need not be credited as true on a motion to dismiss. *Ashcroft v.*

PAGE 7 – OPINION AND ORDER ADOPTING F&R IN PART

*Iqbal*, 556 U.S. 662, 678 (2009). Contrary to the F&R's findings, Plaintiff's conclusory allegations that Defendant knew its representations were false are insufficient to support the necessary inference for intent. *See id.* at 686–87 ("Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8.").

Nor does this Court find that Plaintiff has alleged sufficient facts to support an inference of intent due to circumstantial evidence. The F&R notes that "it is plausible that, as the vendor and sales representative for the software, Viewpoint and Schroeder were in the best position to know its capabilities and limitations." ECF 61 at 23–24. This Court finds that the mere fact that Schroeder was a sales representative for Defendant is not sufficient circumstantial evidence to support the inference that Schroeder knowingly intended or acted with reckless disregard to misleading Plaintiffs, as there is no evidence, beyond his title as a sales representative, regarding Schroeder's own knowledge or experience with the software. Such information, if included in a pleading, could potentially support an inference that Defendant acted with intent or reckless disregard, but those allegations are currently lacking from Plaintiff's complaint. As such, Plaintiff's fraud claims are therefore dismissed with leave to amend.

## C. The F&R Did Not Err in Finding California Cases Inapplicable to the Present Case

Defendant argues that the F&R erred in "brush[ing] off factually analogous cases in favor of factually *dissimilar* cases." ECF 63 at 7. Defendant first takes issue with the F&R's treatment of *Bank of the West v. Valley Nat'l Bank of Arizona*, in which the Ninth Circuit considered the question of justified reliance under California law.[2] Because this case does not apply Oregon

---

[2] Defendant argues that *Bank of the West* "does not rely on California law for its conclusion but simply refers to justified reliance as an element of fraud." ECF 63 at 8. Defendant's argument is directly contradicted by the Ninth Circuit's statement that "*California law is controlling* in this diversity action . . . ." *Bank of the West*, 41 F.3d at 477.

PAGE 8 – OPINION AND ORDER ADOPTING F&R IN PART

law, the F&R is within its discretion in assessing its persuasive, but not binding, value. *See G&G Closed Circuit Events, LLC v. Duc Minh Dinh*, No. 10-CV-5717-LHK, 2012 WL 4006471, *2 (N.D. Cal. Sept. 12, 2012) ("When the authority at issue is only persuasive, and not binding, the Court may exercise its discretion in deciding an issue."). Defendant also argues that the F&R failed to address *Progressive Int'l Corp. v. E.I. Du Pont de Nemours & Co.*, No. C.A. 19209, 2002 WL 1558382 (Del. Ch. July 9, 2002). Again, this is an unpublished case from the Delaware Court of Chancery that is not controlling in this district. This Court finds Defendant's arguments unavailing to the extent that they ask this Court to fault the F&R for assigning little persuasive value to non-binding cases.

**D. The F&R Did not Err in Declining to Consider Defendant's Recission Argument**

Defendant argues that the F&R erred in declining to address Defendant's argument that Plaintiff's First Amended Complaint failed to adequately allege rescission as an appropriate remedy. ECF 63 at 11. In the F&R, Judge Armistead "decline[d] to address [Defendant's] argument" because "[Defendant] first raised this argument in its Reply" to its Motion to Dismiss. ECF 61 at 19 n.8. Defendant argues that this was error because, while Defendant first addressed the argument in its Reply brief, it addressed similar arguments in its response to Plaintiff's Motion to Amend, and Plaintiff responded to those arguments in its reply. ECF 63 at 11. Defendant asks this Court to address this argument "in the interest of a just and efficient resolution of these proceedings, and in light of both parties' efforts to brief this legal issue." *Id.* at 11–12.

This Court declines to do so. The F&R declined to consider rescission in its analysis of Defendant's Motion to Dismiss, not Plaintiff's Motion to Amend. ECF 61 at 19 n.8. Defendant only raised its argument about rescission as it related to its Motion to Dismiss in its reply briefing, and therefore the F&R did not err in declining to consider those argument in analyzing

PAGE 9 – OPINION AND ORDER ADOPTING F&R IN PART

Defendant's Motion. *See, e.g.*, *Tovar v. U.S. Postal Serv.* 3 F.3d, 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that [a reply] presents new information, it is improper."); *United States v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003) ("We decline to consider [the defendant's] argument . . . because it is raised for the first time in reply."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.").

### E. Amendment of Plaintiff's Contract Claim Would Not be Futile

Defendant finally argues that the F&R erred in recommending that Plaintiff's contract claims be dismissed with leave to amend. Defendant states that Plaintiff's Motion to Amend "does not identify any further contractual terms at issue but seeks only to add a claim for breach of the implied covenant of good faith and fair dealing concerning 'payroll.'" ECF 63 at 13. Defendant argues that Plaintiff has not, and could not, allege facts identifying the specific contract provisions that were breached, and the specific conduct that created the alleged breach. *Id.* at 12–13.

Having reviewed Defendant's objection, this Court accepts Judge Armistead's recommendation to dismiss Plaintiff's contract claim with leave to amend. "[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). While it is true that Plaintiff has already been given a chance to amend its complaint, this Court does not find that fact alone dispositive in determining whether Plaintiff's contract claim should be dismissed with leave to amend. Rather, this Court does not find that there is no possibility that Plaintiff could cure its pleading with the addition of other facts; as

such, this Court accepts the F&R's recommendation to dismiss Plaintiff's contract claim with leave to amend.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Armistead's F&R to which Defendant objected. Judge Armistead's F&R, ECF 61, is adopted in part as specified in this Opinion and Order. This Court accordingly GRANTS Defendant Motion to Dismiss, ECF 37, and dismisses Plaintiff's fraud and breach of contract claims with leave to amend, and dismisses Plaintiff's implied warranty of merchantability and unjust enrichment claims with prejudice. This Court also GRANTS Plaintiff's Motion to Amend with respect to its breach of contract claim and grants Plaintiff leave to add a claim for the breach of the duty of good faith and fair dealing. This Court DENIES Plaintiff's Motion to Amend with respect to claims for innocent misrepresentation and mutual mistake. ECF 40.

**IT IS SO ORDERED**.

DATED this 17th day of January, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge